**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Haney, | No. CV-13-02429-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| ACE American Insurance Company, et al., | |
| Defendants. | |

Defendant ACE American Insurance Company ("ACE") has filed a motion to dismiss plaintiff's fourth claim. Doc. 14. The motion has been fully briefed. Docs. 16, 18. Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") has filed a motion to dismiss Plaintiff's second, fourth, and fifth claims. Doc. 13. Defendant Lori Hasty has joined in Sedgwick's motion. Doc. 21. That motion has been fully briefed. Docs. 17, 19. The Court will grant the motions in part and deny them in part.[1]

**I.  Background.**

Plaintiff Jane Haney suffered a head injury when she tripped and fell in the course of her employment with The Boeing Company on or about March 13, 2012. Doc. 1, ¶ 11. Haney made a claim for worker's compensation, and the claim was received by ACE, Boeing's worker's compensation insurance carrier, and Sedgwick, ACE's claims adjustor. *Id.*, ¶ 12. Lori Hasty, a Sedgwick employee, was assigned to process Haney's

---

[1] The requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

claim. *Id.*

Plaintiff alleges that Hasty, Sedgwick, and ACE failed to investigate her claim properly, delayed payment on her claim, and finally forced Plaintiff to hire an attorney to enforce her claim. *Id.*, ¶ 13. Plaintiff sought a determination in front of the Industrial Commission. *Id.* After Defendants failed to attend the hearing, the Commission issued an award in Plaintiff's favor, ordering Defendants to pay Plaintiff's claim immediately. *Id.* Plaintiff alleges that Defendants, despite this ruling, still failed to timely pay Plaintiff's claim. *Id.*

Plaintiff claims breach of the duty of good faith and fair dealing by ACE (Count I), aiding and abetting this breach by Sedgwick (Count II) and Hasty (Count III), and intentional infliction of emotional distress by ACE, Sedgwick and Hasty (Count IV). *Id.* at 7-12. Plaintiff also seeks punitive damages (Count V). *Id.* at 13. Plaintiff attached the favorable decision of the Industrial Commission to her complaint. Doc. 1-1.

**II.    Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In analyzing a motion to dismiss under Rule 12(b)(6), a court may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 343 F.3d at 908 (citations omitted); *see also Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that the court may take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). Notably, "[o]n a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001) (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d. Cir. 1999)).

**III.     Analysis.**

    **A.     Count Four against ACE, Sedgwick and Hasty.**

All three defendants seek dismissal of Plaintiff's claim for intentional infliction of emotional distress ("IIED"). In this claim, Plaintiff asserts that Defendants knew Plaintiff was owed benefits, but repeatedly underpaid, delayed, and refused to correct their underpayment of benefits. Doc. 1, ¶ 37.

Arizona has adopted the Restatement's standard for claims of IIED. *Savage v. Boies*, 272 P.2d 349 (Ariz. 1954). To assert such a claim under Arizona law, "*first,* the conduct by the defendant must be "extreme" and "outrageous"; *second,* the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and *third,* severe emotional distress must

indeed occur as a result of defendant's conduct." *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987).  In order to meet the first element, the plaintiff must show that the defendant's acts were "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (citing *Cluff v. Farmers Ins. Exchange*, 460 P.2d 666, 668 (1969)).  "Only when reasonable minds could differ in determining whether conduct is sufficiently extreme or outrageous does the issue go to the jury." *Mintz*, 905 P.2d at 563.

Plaintiff argues that her allegations meet this standard because there is a special relationship between insurer and insured that "lessens the required outrageousness necessary for an IIED." Doc. 16 at 4.  Plaintiff asserts that ACE abused its position of authority over Plaintiff by failing to timely and properly process her claim and that its conduct was outrageous because ACE knew Plaintiff was susceptible to physical harm and mental distress. *Id*. Plaintiff also argues that it is improper for the court to decide this issue on a motion to dismiss. *Id*.

First, it is not improper for the Court to determine whether Plaintiff has sufficiently stated a claim for outrageous conduct on a motion to dismiss. *See, e.g.*, *Mintz*, 905 P.2d at 563 (affirming the trial court's dismissal of a claim for IIED under Rule 12(b)(6)).  The Court is tasked with the legal obligation to determine whether Plaintiff has alleged facts which, when viewed in the light most favorable to her, entitle her to relief. *Patton v. First Fed. Sav. & Loan Ass'n of Phoenix*, 578 P.2d 152, 155 (Ariz. 1978) ("It is the duty of the court as society's conscience to determine whether the acts complained of can be considered sufficiently extreme and outrageous to state a claim for relief.") (citing *Cluff* , 460 P.2d at 666.

Second, the conduct alleged by Plaintiff to be extreme and outrageous, while objectionable, cannot be said to "go beyond all possible bounds of decency." *Id*. Plaintiff's complaint asserts only that Defendants knew Plaintiff was owed benefits but repeatedly underpaid and delayed those benefits, forcing Plaintiff to file suit, and that

Defendant knew or recklessly disregarded Plaintiff's vulnerable state, acting with the knowledge that denial of her full benefits would have significant detrimental impact on her health. Doc. 1 at 11-12. "Cases where there has been a sufficient finding of outrageousness contain stark and repulsive facts that strike at very personal matters, such as willful ignorance of rampant sexual harassment." *Demetrulias v. Wal-Mart Stores Inc.*, 917 F. Supp. 2d 993, 1012 (D. Ariz. 2013). Plaintiff's complaint states no such facts, and no conduct that "falls at the very extreme edge of the spectrum of possible conduct." *Helfond v. Stamper*, 716 P.2d 70, 72 (Ariz. Ct. App. 1986). Instead, Plaintiff appears to rely on the finding by the Industrial Commission to assert that she was improperly denied benefits. And while the Court may take into account that opinion, "it may do so not for the truth of the facts recited therein, but for the existence of the opinion." *Lee*, 250 F.3d at 689-90 (emphasis added). In other words, the facts as recited by the Industrial Commission are not factual allegations for purposes of Plaintiff's complaint that the Court may construe on a motion to dismiss.

Plaintiff relies on *Demetrulias* to argue that the existence of a special relationship between insurers and insureds diminishes her need to allege extreme or outrageous behavior. But Plaintiff has alleged no facts that, if taken as true, evidence anything more than bad faith dealings and could be construed to state a claim for IIED. Without more than allegations that Defendants delayed and underpaid Plaintiff, and that Defendants knew Plaintiff was injured and vulnerable, Plaintiff has failed to allege facts that show extreme and outrageous behavior. The motion to dismiss count four is granted as to all defendants.

**B.    Count Two against Sedgwick.**

Defendant Sedgwick has moved to dismiss Count Two in which Plaintiff alleges that Hasty and Sedgwick aided and abetted ACE in breaching its duty of good faith and fair dealing. Sedgwick argues that (1) Sedgwick's employee, Hasty, cannot aid and abet the tort of her corporate employer, and (2) ACE's duty of good faith and fair dealing is a non-delegable duty and Sedgwick, as the agent of ACE, cannot be liable for aiding and

abetting because ACE and Sedgwick were acting as one entity. Doc. 13 at 5-7.

Under Arizona law, "[c]laims of aiding and abetting tortious conduct require proof of three elements: (1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 23 (Ariz. 2002).

Sedgwick's argument that the adjuster and the insurance company act as one entity in processing a claim, and that the adjuster therefore cannot be liable for aiding and abetting bad faith, has been rejected repeatedly by courts in this district. *Miller v. York Risk Servs. Grp.*, 2:13-CV-1419 JWS, 2013 WL 6442764 (D. Ariz. Dec. 9, 2013) (holding that an insurance adjuster could be held liable for aiding and abetting an insurer's violations of the duty of good faith and faith dealing); *Inman v. Wesco Ins. Co.,* No. cv-12-02518, 2013 WL 2635603, at *4 (D. Ariz. June 12, 2013) (same); *Morrow v. Boston Mut. Life Ins. Co.,* No. CV-06-2635, 2007 WL 3287585 (D. Ariz. Nov. 5, 2007) (same). It is "possible for [an adjuster] to aid and abet [an insurance company] through the actions of a common employee." *Pimal Prop., Inc. v. Capital Ins. Grp., Inc.*, CV11-02323-PHX-DGC, 2012 WL 608392 (D. Ariz. Feb. 27, 2012). And in Arizona, "it is well-established law that an agent will not be excused from responsibility for tortious conduct [merely] because he is acting for his principal." *Warner v. Sw. Desert Images, LLC*, 180 P.3d 986, 992 (Ariz. Ct. App. 2008).

Sedgwick also errs in arguing that it cannot be liable because ACE's duty of good faith and fair dealing is non-delegable. Doc. 13 at 5. Plaintiff has not accused Sedgwick of violating the non-delegable duty of good faith, but rather of the separate tort of aiding and abetting that violation. *See Inman*, CV-12-02518-PHX-GMS, 2013 WL 2635603 (D. Ariz. June 12, 2013) (Defendant's argument "misses the point. [Plaintiff] is asserting a separate tort, aiding and abetting, against [the adjuster]. He is not asserting the tort of

1 bad faith.").

2 Although an adjuster may be liable for aiding and abetting a violation of the duty
3 of good faith and fair dealing, Plaintiff must still show the elements of a separate tort by
4 the adjuster. *Wells Fargo Bank,* 38 P.3d at 23(noting that the third element of aiding and
5 abetting is that a second tortfeasor "substantially assist or encourage" a breach of duty by
6 a primary tortfeasor). Sedgwick argues that Plaintiff has not pled a separate tortious act
7 against it, but rather that "plaintiff's bad faith and aiding and abetting claims rely upon
8 exactly the same conduct." Doc. 19 at 6.

9 The factual allegations include failing to conduct a reasonable investigation into
10 Plaintiff's claim and unreasonably delaying and denying Plaintiff's claim. Doc. 1, ¶¶ 14,
11 20. In her claim for aiding abetting, Plaintiff also alleges that "SEDGWICK substantially
12 assisted or encouraged ACE AMERICAN in delaying or denying the claim without a
13 reasonable basis." *Id*., ¶ 26. The Court concludes that this allegation sufficiently pleads
14 separate action by Sedgwick which could amount to aiding and abetting. The Court will
15 not dismiss Plaintiff's second claim.

16 **C. Defendant Hasty's Request to Join.**

17 Ms. Hasty has joined Sedgwick's motion to dismiss. Doc. 21. Hasty argues that
18 there is no distinction between her actions and those of Sedgwick, and that the claims
19 against her should therefore be dismissed. *Id*. at 1. Sedgwick's motion did not seek
20 dismissal of Count Three, which alleged aiding and abetting against Hasty, and Hasty has
21 not independently moved to dismiss this claim. She does, however, argue that the claims
22 against her should be dismissed, presumably including Count Three. Doc. 21 at 2.

23 Hasty argues that the complaint is clear that she was acting on behalf of Sedgwick,
24 her employer, in all actions described therein, and that if the aiding and abetting claim
25 against Sedgwick is dismissed, so must the aiding and abetting claim against her be
26 dismissed. Doc. 1 at 1. Under Arizona law, an employee's actions are within the scope
27 of her employment when she "is doing any reasonable thing which [her] employment
28 expressly or impliedly authorizes [her] to do or which may reasonably be said to have

- 7 -

been contemplated by that employment as necessarily or probably incidental to the employment." *Smith v. Am. Exp. Travel Related Servs. Co., Inc.*, 876 P.2d 1166, 1170-71 (Ariz. Ct. App. 1994). Whether an employee's allegedly tortious actions are within the scope of employment is generally a question of fact. *Id*. at 136.

Plaintiff alleges that Hasty's acts and omissions "were performed by her in her individual capacity and as an agent." Doc. 1, ¶ 28. She argues that Hasty is subject to individual liability for her failure to accurately assess Plaintiff's worker's compensation claim in light of her licensure as an adjuster. *Id*., ¶ 29. Hasty's only argument in her request for joinder is that, just as Sedgwick cannot be liable for aiding abetting ACE because it was acting as its agent, Hasty cannot be liable for aiding and abetting because she was an employee-agent of Sedgwick. As noted above, however, "an agent will not be excused from responsibility for tortious conduct [merely] because he is acting for his principal." *Warner*, 180 P.3d at 992. Just as Sedgwick's argument on this point failed, Hasty is not immune from liability simply because she was an agent of ACE.

### D. Punitive Damages.

Sedgwick seeks dismissal of Plaintiff's request for punitive damages because "plaintiff has not even alleged a tort against Sedgwick" and therefore cannot allege facts showing an "evil mind." Doc. 13 at 10. As noted above, the Court concludes that Count Two states a claim against Sedgwick for aiding and abetting breach of fiduciary duty. The premise for Sedgwick's punitive damages argument – that no claim against Sedgwick exists – is therefore incorrect.

**IT IS ORDERED** that the motions to dismiss (Docs. 13, 14, 21) are **granted in part and denied in part**. Count Four is dismissed.

Dated this 25th day of March, 2014.

_____
David G. Campbell
United States District Judge

- 8 -